# EXHIBIT A

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |  |
| Silvio Richetti,<br>         *Plaintiff,*<br>-against-<br>Delivery Drivers, Inc., National Driver Solutions, LLC, Aaron A. Hageman, and Noel Aronson,<br>         *Defendants*. | **SETTLEMENT AGREEMENT AND RELEASE** |

  WHEREAS, Defendants Delivery Drivers, Inc., National Driver Solutions, LLC, Aaron A. Hageman and Noel Aronson, (collectively referred to as "Defendants") on the one hand, and Plaintiff Silvio Richetti ("Plaintiff" and together with Defendants, the "Parties") on the other, agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Plaintiff has or might have against Defendants, including claims asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in this action (the "Litigation");

  WHEREAS, a dispute has arisen regarding Plaintiff's employment and the terms thereof, which dispute has resulted in the filing of the Litigation in the United States District Court for the Eastern District of New York, alleging, among other things, a violation of federal and state wage and hour and overtime laws;

  WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws or any other wrongdoing of any kind; and

  WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

  NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

  1. <u>Payment</u>: Defendants shall pay Ten Thousand Dollars and No Cents (**$10,000.00**) (the "Settlement Amount").  The Settlement Amount shall be paid within 20 days of the Court approving this Agreement and this action being discontinued with prejudice.  The settlement amount shall be paid as follows:

    a. One check payable to the order of Silvio Richetti in the amount of Five Thousand Nine Hundred Forty Dollars and Zero Cents ($5,940), which will be issued on an IRS Form 1099 basis;

    b. One check payable to "Gangat LLC" in the gross amount of Four Thousand Sixty Dollars ($4,060). The foregoing amount shall constitute all costs ($1,090.30) and attorneys' fees ($2,969.70), which will be reported for tax purposes on an IRS Form 1099-MISC.

2. <u>Release:</u> In consideration for the Settlement Payment, as set forth in Paragraph 1 herein, Plaintiff hereby releases, waives and forever discharges all claims against Defendants, their subsidiaries, divisions, affiliates, parents, corporations under common ownership or control or related business entities, branches, counsel, predecessors, successors and assigns, and their past and present officers, directors, trustees, shareholders, partners, board members, principals, professional employer organizations, executors, owners, employees, agents, stockholders, partners, members, administrators, representatives, attorneys, insurers or fiduciaries in their individual and/or representative or official capacities, and all individual Defendants' heirs, executors, administrators, successors and assigns (collectively referred to as "RELEASEES"), which against the RELEASEES, Plaintiff or Plaintiff's heirs, executors, administrators, successors, and/or assigns, may now have, could have made, or did make in the Lawsuit filed in this civil action, in law or in equity, certain or contingent, known or unknown, foreseen or unforeseen, which any one or more of the Releasors ever had, now have, or hereinafter may have against Releasees, occurring at any time in the past up to and including the date of the execution of this Agreement, and arising under: any contract; the Fair Labor Standards Act; the New York Law (including the Wage Theft Prevention Act (the "WTPA")); the Equal Pay Act; and/or any other wage and hour statute or wage and hour regulation. Provided, however, that any language to the contrary herein notwithstanding, nothing in this Agreement shall operate to bar or limit any claim of Plaintiffs for physical injury made pursuant to the New York Worker's Compensation Law arising from their employment with Defendants. Moreover, this Agreement and Release does not extend to those rights which as a matter of law cannot lawfully be waived.

3. <u>No Admission of Wrongdoing</u>: The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be construed as an admission by Defendant of any liability or wrongdoing whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

5. <u>Acknowledgments:</u> The Parties acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements,

representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Mohammed Gangat
Gangat LLC
675 Third Avenue, Suite 1810
New York, N.Y. 10017
Tel: (646) 556-6112

To Defendants:

Chris Mabe
817-528-2021
2clmabe@gmail.com

7. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, without regard to its conflict of laws provision. The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement. The parties ask the court to retain jurisdiction for purposes of enforcement of this Agreement.

8. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Mohammed Gangat of Gangat LLC. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff confirms that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by electronic or facsimile transmission.

11. <u>Attorneys' Fees Provision</u>: In the event that any Party breaches, violates, fails or refuses to comply with any of the provisions, terms or conditions or any warranties, covenants, or representations of this Agreement, the ("Breach"), the non-breaching Party or Parties are entitled to recover damages as against the breaching Party or Parties, including interest, costs, expenses and reasonable attorneys' fees, including any appeal and collection proceeding, accruing to the non-breaching Party or Parties as a consequence of the Breach.

PLAINTIFF SILVIO RICHETTI:

*Silvio Richetti*  Date: 4/12/2023
SILVIO RICHETTI

DEFENDANT DELIVERY DRIVERS, INC.

*Aaron A. Hageman*  Date: 4/19/2023
DELIVERY DRIVERS, INC.
By: Aaron A Hageman CEO

DEFENDANT NATIONAL DRIVER SOLUTIONS, LLC,

*Chris Mabe*  Date: 4/18/2023
NATIONAL DRIVER SOLUTIONS, LLC,
By: Chris Mabe

DEFENDANT AARON A. HAGEMAN,

*Aaron A. Hageman*  Date: 4/19/2023
AARON A. HAGEMAN

DEFENDANT NOEL ARONSON.

*Noel Aronson* (DocuSigned by Noel Aronson, 1A37827D13CB4ED...)

NOEL ARONSON

Date: 4/25/2023

5